IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN FRANKLIN EL, #205 016, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-136-MEF |
| | ) [WO] |
| GREGORY O. GRIFFIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 19, 2014, the court directed Plaintiff to forward to the court an initial partial filing fee in the amount of $37.65. *Doc. No. 4*. In response, Plaintiff filed a pleading captioned *Affidavit of Fact* on April 7, 2014, which was not responsive to the court's March 19 order. *Doc. No. 5*. Accordingly, on April 25, 2014, the court directed Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee in compliance with the order entered on March 19, 2014. *Doc. No. 6*. Plaintiff filed a response on May 6, 2014, stating he "conditionally accept[s] for value this Court['s] demand for payment of the filing fee . . upon proof of claim" *Id*. at 1. Plaintiff's response listed various "conditions that require satisfaction before [he] can pay the filing fee as demanded by th[e] court." *Id*. By order entered May 12, 2014, the court advised Plaintiff that pursuant to the statutory authority of 28 U.S.C. § 1915(b)(1), this court is required to assess and collect the $350.00 filing fee from monies available to Plaintiff and that the court may not

waive or exempt Plaintiff from compliance with the statutory provisions regarding payment of filing fees. *Doc. No. 8*. The court's May 12 order granted Plaintiff an additional ten days to forward the partial filing fee to the court as originally directed in the court's March 19 order. *Id*. In what the court construes as his response to the May 12 order, Plaintiff has not submitted the initial partial filing fee and states only that he "accepts for vale [sic] the undersigned's order of [an] initial partial filing fee, for access of the courts, in the sum of [$]37.65." *Doc. No. 9*.

As of this date, Plaintiff has failed to comply with the March 19, 2014, order that he submit an initial partial filing fee to the court in the amount of $37.65. The court's April 25, 2014, show cause order gave Plaintiff an opportunity to advise the court whether he authorized prison officials to withdraw the funds from his prison account for payment of the initial partial filing fee, whether he simply had chosen not to submit the filing fee, or whether he was unable to comply at this time with the order directing payment of the initial partial filing fee. *Doc. No. 6*. The April 25 order also cautioned Plaintiff his failure to comply with the order to pay the fee would result in a Recommendation that his complaint be dismissed. *Id.*

The time granted Plaintiff to provide the court with the initial partial filing fee has expired and he has failed to show cause why he has failed to do so. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's repeated failures to comply

with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court.

It is further

ORDERED that **on or before June 20, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE